IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES COTTON, | ) | 8:14CV195 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FOXALL, Director, | ) | |
| | ) | |
| Respondent. | ) | |

**I. INITIAL REVIEW OF HABEAS CORPUS PETITION**

Petitioner James Cotton is a state pretrial detainee being held at the Douglas County Correctional Center in Omaha, Nebraska. On July 1, 2014, Cotton filed a Petition for Writ of Habeas Corpus (Filing No. 1) under 28 U.S.C. § 2241. He asserts two grounds for relief: 1) a denial of proper medical care, and 2) a denial of access to the law library. Cotton asks the court to order his custodian to provide him with "appropriate pain medications and necessary surgeries" or order his immediate release. Cotton also asks the court to order his custodian to provide him with access to the law library.

Cotton's grounds for relief do not affect the fact or duration of his pretrial detention. Cotton is not challenging the legality of his pretrial detention. In addition, favorable resolution of his claims would not automatically entitle him to release from custody. Accordingly, his "his claims fall outside the core of habeas corpus [and] are not cognizable under the guise of a § 2241 petition." *Gould v. W.C.C.C.*, No. 4:14-cv-019, 2014 WL 940720, at *1 (D.N.D. Mar. 11, 2014) (collecting cases). Because Cotton seeks to remedy the conditions of his confinement, he must present his claims in an action brought pursuant to 42 U.S.C. § 1983, not as an action for habeas corpus relief. *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004).

The undersigned judge has considered whether it would be appropriate to construe Cotton's habeas corpus petition as a civil action brought pursuant to § 1983 or re-characterize the petition as one brought pursuant to § 1983. The undersigned judge has determined that doing so would be inappropriate because it would border on advocacy, *see Richards v. Bellmon*, 941 F.2d 1015, 1019 n. 3 (10th Cir. 1991), and it would enable Cotton to "circumvent the significantly higher fee required to file a civil rights complaint," *see Barber v. Whetsel*, No. CIV-14-455-D, 2014 WL 3670211, at *3 (W.D.Okla. July 22, 2014). Because it "plainly appears from the petition . . . that [Cotton] is not entitled to relief," *see* Rule 4 of the *Rules Governing Habeas Corpus Cases*, the court will dismiss this action without prejudice to reassertion in an action brought pursuant to 42 U.S.C. § 1983.

## II.  MOTION FOR COUNSEL AND EVIDENTIARY HEARING

Cotton asks the court for the appointment of counsel and for an evidentiary hearing on his claims. (Filing No. 9.) Because the court is dismissing this action for the reasons set forth above, neither is warranted. Moreover, as a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted.) The court has carefully reviewed the record and finds that there is no need for the appointment of counsel or an evidentiary hearing in this matter.

## III.  MOTION TO HOLD CASE IN ABEYANCE

On August 19, 2014, Cotton filed a "Motion to Enjoin Writ of Habeas Corpus 28 U.S.C. § 2241 Into Civil Rights Action Under 28 U.S.C. 1983, And Hold Action in Abeyance" (Filing No. 9). Cotton's requests for relief in this motion are difficult

to understand. As best as the undersigned judge can tell, Cotton asks the court to convert his habeas corpus petition into a civil action brought pursuant to § 1983, and to then hold the action in abeyance while he exhausts his institution's administrative grievance procedures.

For the reasons already discussed in this order, the court will not re-characterize Cotton's habeas corpus petition as one brought pursuant to § 1983. Accordingly, his request that the court hold the civil action in abeyance while he exhausts his administrative remedies is moot. Even if the court were to re-characterize this action as one brought pursuant to § 1983, exhaustion of available administrative remedies is required *before* a lawsuit is filed. See *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding that 42 U.S.C. § 1997e(a) requires an inmate to exhaust available administrative remedies before filing suit; otherwise, dismissal is mandatory).

### IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Cotton has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the habeas corpus petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition for Writ of Habeas Corpus (Filing No. 1), the court determines that Cotton's claims are not cognizable in a federal court habeas corpus action. Cotton's petition is dismissed without prejudice to reassertion in accordance with this Memorandum and Order. The court will not issue a certificate of appealability in this matter.

2. Cotton's motions seeking the appointment of counsel, an evidentiary hearing, and a re-characterization of his petition (Filing Nos. 7 and 9) are denied.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

4. The clerk's office is directed to send the civil complaint form to Cotton together with this Memorandum and Order.

DATED this 22nd day of September, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.